Date Signed:
August 8, 2025



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No. 25-00591 |
| TAO ELI MILLER, | Chapter 13 |
| Debtor. | Related ECF Nos.: 4, 15 |

## ORDER UPHOLDING LANDLORD'S OBJECTION TO DEBTOR'S CERTIFICATION

On July 9, 2025, the debtor, Tao Eli Miller, filed an Initial Statement About an Eviction Judgment Against You (Official Form 101A). In this form, the debtor certified under penalty of perjury that "[u]nder the state or other bankruptcy law that applies to the judgment for possession (*eviction judgment*), I have the right to stay in my residence by paying my landlord the entire delinquent amount."[1] Pursuant to 11 U.S.C. §

---

[1] ECF No. 4.

362(l)(3)(A), the landlord, Isidro G. Villaflor, Jr., filed an objection to the debtor's certification.[2]

I heard the matter on August 4, 2025. Jonathan A. Kam, Esq., appeared for the landlord; there was no appearance by or on behalf of the debtor.

The filing of a bankruptcy petition operates as an automatic stay with respect to most actions against the debtor.[3] However, the stay does not apply to an eviction action if the landlord has obtained a judgment for possession prior to the bankruptcy filing.[4] A debtor may seek a 30-day delay of this exception by (i) depositing with the clerk the rent that would be due for the ensuing 30-day period and (ii) certifying that under nonbankruptcy law, the debtor would be permitted to cure the entire monetary default after the judgment for possession was entered.[5] If the

---

[2] ECF No. 15.
[3] 11 U.S.C. § 362(a).
[4] 11 U.S.C. § 362(b)(22).
[5] 11 U.S.C. § 362(*l*)(2).

U.S. Bankruptcy Court - Hawaii   #25-00591   Dkt # 22   Filed  08/08/25   Page 2 of 4

landlord objects to the debtor's certification, the court must hold a hearing within 10 days.[6]

This matter concerns the landlord's attempt to recover possession of real property at 1009 Kapiolani Blvd., #2904, Honolulu, HI 96814 ("Subject Property") in Case No. 1DRC-25-0002203 (District Court of the First Circuit, State of Hawaii).[7] The record includes a judgment for possession and a writ of possession of the Subject Property, both issued on July 8, 2025, before the debtor filed the chapter 13 petition on July 9, 2025.[8]

In objecting to the debtor's certification that a tenant may cure the entire monetary default after entry of a judgment for possession, the landlord asserts there is no such provision under Hawaii law. The debtor has not refuted this.

Therefore, in accordance with 11 U.S.C. § 362(*l*)(3)(B), I will uphold the landlord's objection. The exception to the automatic stay in 11 U.S.C. § 362(b)(22) shall apply immediately and the landlord may complete the

---

[6] 11 U.S.C. § 362(*l*)(3)(A).
[7] ECF No. 15.
[8] *Id.*

3

U.S. Bankruptcy Court - Hawaii   #25-00591   Dkt # 22   Filed  08/08/25   Page 3 of 4

process to recover full possession of the Subject Property. The clerk shall immediately serve the landlord and the debtor a certified copy of this order.

**END OF ORDER**